**EXXON CORPORATION, Plaintiff,**

v.

**Robert ABRAMS, Attorney General of the State of New York, and William Murphy, Richmond County District Attorney, Defendants.**

**No. 90–CV–3922 (ERK).**

United States District Court,
E.D. New York.

Dec. 11, 1990.

John Cooney, Davis, Polk & Wardwell, New York City, for plaintiff.

Clive Morrick, New York State Atty. Gen.'s Office, New York City, for defendants.

## CORRECTED ORDER

KORMAN, District Judge.

The order entered on November 16, 1990, which sealed temporarily the proceedings in the case, is vacated and the file is unsealed. The relevant part of the order read as follows:

At the hearing held on November 14, 1990, the plaintiff sought an order sealing the record in this case. The Attorney General of the State of New York, who appeared for himself and the District Attorney of Richmond County, consented to the application.

After I questioned the propriety of an order sealing the entire record, I directed plaintiffs to particularize those parts of the record they felt would cause then unfair prejudice and irreparable harm. In the interim the Attorney General, represented by an attorney other than the one who appeared on November 14, 1990, objected to the sealing of any part of the record.

Rather than selecting particular parts of pleadings that could arguably be said to cause significant unfair prejudice, plaintiff seeks to keep secret the fact that it is seeking an order enjoining the Attorney General of the State of New York and District Attorney of Richmond County from asking a grand jury to return an indictment.

If the plaintiff is unsuccessful in obtaining such an injunction, then it will suffer

---

the very prejudice that it seeks to avoid by preventing disclosure of its effort to obtain an order enjoining the indictment. Indeed, plaintiff's application for a preliminary injunction has been denied and, if my analysis of the applicable law is sustained, the complaint will ultimately be dismissed. *See Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). On the other hand, if plaintiff succeeds on its appeal and is successful in obtaining the relief it seeks here, it would mean that a major corporation could obtain the extraordinary remedy of enjoining its indictment by a state grand jury and keep secret such a heavy-handed exercise of the federal judicial power. Whether the First Amendment precludes the sealing order plaintiff seeks, is not a matter that need be resolved here. *See In re Application of The Herald Co.,* 734 F.2d 93 (2d Cir.1984). Suffice it to say that it would be a gross abuse of discretion to preclude public access to these proceedings. *Cf. In re Application of Newsday,* 895 F.2d 74, 79–80 (2d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 2631, 110 L.Ed.2d 651, *reh'g denied,* —— U.S. ——, 111 S.Ct. 238, 112 L.Ed.2d 198 (1990).

SO ORDERED: